United States District Court
Southern District of Texas
**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YENELA WILSON OJEDA, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-04422 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, Respondent. | § | |
| | § | |

**ORDER**

Petitioner Yenela Wilson Ojeda filed a *pro se* petition for writ of *habeas corpus* on June 4, 2026. Dkt 1.

She asserts that she has been detained since January 16, 2026, after having been released from detention to parole in November of 2021. Id at 2. She contends that she hasn't received a bond hearing or other due process. Id at 3. She seeks removal based on her prior release to parole, the lack of a bond hearing, and certain medical and work conditions. Id at 4–5.

A prior order noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." See Dkt 6 at 1–2. That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. Id at 2–5.

Initial screening of the petition determined that the arguments presented raised only issues resolved in those decisions. But Petitioner was granted an opportunity to

specify individual circumstances or additional arguments supporting a different result. Id at 5.

Petitioner filed a response. Dkt 7. She now asserts that she is subject to a final order of removal entered June 5, 2024, and so doesn't fall within the holding of the *Buenrostro-Mendez* decision. Id at 1–2. She admits that Respondent conducted a post-order custody review in April 2026 and maintained her detention as both a flight risk and a danger to the community. Dkts 7 at 2 & 7-2 at 6. But she contends that Respondent has been unable to remove her to Cuba since entry of the removal order and hasn't yet found another country that will accept her. Dkt 7 at 2–3. She now contends that her detention is unlawful as a violation of the Due Process Clause of the Fifth Amendment, as interpreted by *Zadvydas v Davis*, 533 US 678 (2001). Id at 2–4. She seeks a writ of *habeas corpus* directing Respondent to immediately release her until successful removal can be arranged. Id at 4.

To the extent that Petitioner requests immediate release prior to service on Respondent, it is DENIED.

Petitioner wasn't detained under the final order of removal until January 16, 2026, fewer than 180 days before her petition was filed and so within the presumptively constitutional period of *Zadvydas*. This fact would appear to dispose of her contentions at present, absent distinguishing facts or other legal authority. That said, it appears further that she is rapidly approaching the 180-day presumptively constitutional limit.

Petitioner is entitled to a show-cause order pursuant to 28 USC §2243.

Respondent is thus ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by July 9, 2026, absent extension.

Petitioner may file any reply by July 14, 2026.

Hearing will be set if determined necessary after briefing closes.

It is ORDERED that the Clerk will mail this order to Petitioner and email this order to USATXS.CivilNotice@usdoj.gov.

SO ORDERED.

Signed on July 2, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge