United States District Court
Southern District of Texas
**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YENELA WILSON OJEDA, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-04422 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Yenela Wilson Ojeda filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 4, 2026. Dkt 1. She acknowledges illegal entry on a prior date but alleges that her present detention is unlawful as a violation of the Due Process Clause of the Fifth Amendment. Id at 4. She also asserts that her preexisting health conditions, the requirement that she work in detention, and the separation from her child render her detention punitive and warrant her release. Id at 4–5.

Prior order noted that the petition appeared to raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 6 at 1–4. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 4–5.

Petitioner filed a response. Dkt 7. She abandons her initial claim of detention under 8 USC §1226(a) and now asserts that she is detained under 8 USC §1231 based on a final order of removal entered June 5, 2024. Id at 1. She maintains that Cuba has refused her repatriation and that the Government's unsuccessful attempts to remove her to a third country demonstrate that her removal isn't

reasonably foreseeable. Id at 2–3. She thus contends that her prolonged detention has become unlawful under *Zadvydas v Davis*, 533 US 678 (2001).

Petitioner admits in this regard that she has refused, on several occasions, to sign forms requested by ICE officials. Id at 3. But she contends that the noncooperation exception of §1231(a)(1)(C) doesn't apply to extend her detention because her refusal to sign the forms isn't what actually prevented her removal. Ibid.

The Government was ordered to show cause as to the legal basis for Petitioner's continued detention. Dkt 8. Its initial motion for summary judgment addressed the due process issues raised in the initial petition rather than the new claims raised in the supplemental pleading. Dkt 9. The Government was thus ordered to file a second response specifically addressing the *Zadvydas* issue. Dkt 12.

Pending is a motion by the Government for summary judgment. Dkt 14. It contends that Petitioner hasn't alleged specific facts showing that her removal isn't reasonably foreseeable and so hasn't carried her burden to show that her continued detention is unlawful under *Zadvydas*. Id at 7–9.

Documents attached to the Government's motion show that Petitioner was ordered removed to Cuba on June 6, 2024. Dkt 14-1 at 3. She didn't appeal that order. Ibid. She was redetained on January 19, 2026, so that her removal could be effected. Ibid.

In February 2026, the Government served Petitioner with Notice of Third-County Removal to Mexico. Ibid. She refused to sign it. Ibid. On March 19, 2026, her transfer to Phoenix for removal to Mexico was denied due to her refusal to sign the notice. Id at 4. On April 1, 2026, the Government served Petitioner with a Notice of Failure to Comply under 8 CFR §241.4(g), apparently premised on her refusal to sign the Notice of Third-Country Removal. Ibid.

On April 29, 2026, Petitioner filed a motion to reopen her removal proceedings. Ibid. That motion was denied on May 5, 2026, as untimely and meritless. Ibid.

On June 18, 2026, Petitioner refused to sign a second Notice of Failure to Comply served pursuant to 8 CFR §241.4(g). Id at 5. On July 11, 2026, she also refused to sign a Notice of Third-Country Removal to Chile despite having lived there for three years and having expressed a willingness to be removed there. Ibid.

On June 23, 2026, the Government filed a request with Mexico's National Institute of Migration for Petitioner's removal to its jurisdiction. Ibid. That request remains pending.

Petitioner filed a response to the motion. Dkt 17. She contends that the pending request to the Mexican National Institute of Migration doesn't show that her removal is reasonably foreseeable because Mexico has already refused to accept her. Id at 2–3. She also contends that her refusal to sign the notice of third-country removal to Chile is irrelevant since there's no evidence that Chile has agreed to accept her. Id at 3. And she asserts that, although her initial petition was filed before the six-month *Zadvydas* period had elapsed, that time has now expired. Ibid.

*As to the claim under Zadvydas,* the Supreme Court has interpreted §1231(a)(6) to limit post-removal-order detention to the period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. And it held in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. It further held that, after such six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

But a detainee can't assert a viable claim under *Zadvydas* when the extended detention is due to the detainee's own failure or refusal to cooperate with the

Government's removal efforts. See *Pelich v Immigration and Naturalization Service*, 329 F3d 1057, 1061 (9th Cir 2003). As provided in §1231(a)(1)(C):

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

If the Government believes a detainee isn't cooperating with removal efforts, it may issue a Notice of Failure to Comply under 8 CFR §241.4(g)(1)(ii). The burden then shifts to the detainee to show compliance in good faith with the statutory obligations. 8 CFR §241.4(g)(1)(ii).

Whether detainees have acted in *good faith* in this context requires consideration of "whether they have undertaken overt actions to thwart removal, whether they can or have produced affidavits from friends and family to support their claims of nationality, whether they have requested travel documents from the country of intended removal, whether they have attempted to contact the country of intended removal's consulate, and/or whether they can or have provided the INS with requested documents." *Anadji v Keisler*, 2008 WL 11388565, *5 (SD Tex), quoting *Davis v Gonzalez*, 482 F Supp 2d 796, 801 (WD Tex 2006). The question isn't whether the detainee's acts actually prevented removal but instead is whether they "hindered the effectuation of his removal." *Gonzalez v Gills*, 2022 WL 1056099, *1 (5th Cir, *per curiam*); see also *Sanni-Shittu v Lynch*, 623 F Appx 279 (5th Cir 2015, *per curiam*) (filing §2241 petition, which precluded issuance of travel documents by Nigerian Consulate for duration of litigation, was act intended to prevent or delay removal that warranted extension of removal period); *Roach v Holder*, 344 F Appx 945, 946–47 (5th Cir 2009, *per curiam*) (filing series of meritless

motions to reopen immigration proceedings "constituted acts to prevent his removal" and warranted extension of removal period); Gomez-Uranga v English, 2026 WL 2178864, *4 (ND Ind) (repeated refusals to sign notices of third-country removal sufficient to hinder removal and extend detention under §1231(a)(1)(C)).

The undisputed evidence here shows that Petitioner refused to sign a February 2026 Notice of Third-Country Removal, which resulted in the denial of her transfer to Phoenix for removal to Mexico. Dkt 14-1 at 4. She has since refused to sign a Notice of Third-Country Removal to Chile. Id at 5. As such, her actions in both instances appear calculated to thwart or delay her removal, with it appearing to have directly interfered with her transfer for removal in one of those instances. The untimely and meritless motion by Petitioner to reopen her immigration proceedings also appears calculated to delay or prevent her removal.

Such acts, individually and taken together, demonstrate an intent to hinder the effectuation of her removal sufficient to permit the Government to lawfully extend the removal period under §1231(a)(1)(C).

Petitioner hasn't carried her burden to show that she has acted in good faith in relation to the Government's removal efforts. The Government has thus lawfully extended her detention under §1231(a)(1)(C) and is entitled to entry of summary judgment. It is noted in this respect that a district court may "grant summary judgment on the basis of facts shown by competent evidence in the record, even if those facts are not highlighted in the motion for summary judgment." *United States v Houston Pipeline Co*, 37 F3d 224, 227 (5th Cir 1994). And so, even though the foregoing in some respects relies on facts different from those sponsored by the Government in its motion, summary judgment may thus be granted on any ground supported by the record. Ibid.

*As to claims regarding medical conditions and family circumstances*, they aren't properly raised in this *habeas corpus* action. *Solano-Hurtado v Garcia*, 2026 WL 916966,

*3 (SD Tex): "Conditions-of-confinement claims improperly raised in a *habeas corpus* petition must be dismissed for lack of jurisdiction." Any such claims must instead be raised in a civil rights action. See *Melot v Bergami*, 970 F3d 596, 599 (5th Cir 2020).

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 14.

The petition for writ of *habeas corpus* by Petitioner Yenela Wilson Ojeda is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All other pending motions are DENIED AS MOOT. Dkts 3 & 9.

A final judgment will enter separately.

SO ORDERED.

Signed on July 31, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge